912 P.2d 5

Jesus Manuel ZARABIA, Nebra Evans Porter, Lawrence L. Deason, and Steven R. Morgan, Petitioners,

v.

Hon. H. Stewart BRADSHAW, Presiding Judge of the Superior Court of the State of Arizona, in and for the County of Yuma, Respondent and Real Party in Interest.

No. CV–95–0517–SA.

Supreme Court of Arizona, En Banc.

Feb. 13, 1996.

Osborn Maledon, P.A. by Lawrence A. Hammond, John Stookey, Phoenix, for Jesus Manuel Zarabia.

Bryan Caye by Mark I. Harrison, Christine M. Regas, Phoenix, for Nebra Evans Porter, Lawrence L. Deason, and Steven R. Morgan.

Grant Woods, Arizona Attorney General by Thomas I. McClory, Eryn M. McCarthy, Phoenix, for Hon. H. Stewart Bradshaw.

## OPINION AND ORDER

FELDMAN, Chief Justice.

In the fall of 1995, faced with Yuma County's failure to establish a public defender's office and a decline in the number of private attorneys willing and available to represent indigent defendants in the superior court, the presiding judge of the superior court in Yuma County put into effect a new system for providing representation to indigent criminal defendants. Under the new regime, which is still in place, indigent criminal defendants are represented by a mix of attorneys who contract with the Yuma County Superior Court to represent such defendants (contract attorneys) and practitioners appointed from the private bar as a whole.

The contract attorneys are required to provide services in various types of criminal cases at a specified compensation rate paid from the county's general fund. The practitioners appointed from the general bar include those who practice criminal law as well as those who do not, and those who have trial experience as well as those who do not. All attorneys appointed are required to accept the cases assigned by the superior court bench. Assignments are made to the contract attorneys in accordance with their contracts; assignments to every other private attorney in the county are made in rotation.

This petition for special action challenges several aspects of that system. Respondent, Judge Bradshaw, is the Presiding Judge of Yuma County. Petitioners are representatives of most of the affected lawyer and client populations. Lawrence L. Deason and Steven R. Morgan are civil lawyers who have been appointed by Respondent to represent defendants charged with serious felonies.

Deason has practiced law for twenty-four years, doing estate planning and similar non-litigation matters. He has no experience in criminal law and has never tried a jury case of any kind. Morgan has minimal experience in criminal representation but currently concentrates on civil transactional work. Both attorneys objected to their appointments on the grounds that they lack the necessary competence to adequately perform their appointed duties and that inordinate professional and financial hardship would result from undertaking the representation. Their requests to decline appointment were rejected by the presiding judge.

Jesus Manuel Zarabia is a criminal defendant charged with importation of marijuana, a class 2 felony. Considering the state's allegation of a prior felony conviction, Zarabia faces a potential 18.5–year prison sentence if convicted. A.R.S. § 13–604(B). Deason was his appointed counsel. In light of his counsel's professed lack of competence, Zarabia asserts that he will receive ineffective assistance of counsel if Deason continues to represent him. Thus, he requests that a competent, experienced lawyer be assigned to represent him.

Nebra Evans Porter represents indigent defendants as a contract attorney. Believing that her case load exceeded her ability to provide competent representation to all her clients, Porter requested that the superior court withhold further appointments under her contract until she was able to decrease her work load. Without holding a hearing, Respondent denied her request and instead assigned her additional cases.

Petitioners seek several forms of relief, including orders vacating the appointments of Deason and Morgan, scheduling evidentiary hearings on the issues of competence and excessive case loads, and a declaration that defendants represented by lawyers appointed under the present system are presumably receiving ineffective assistance of counsel. After hearing oral argument on the petition, we accepted jurisdiction. By this opinion and order, we grant partial relief.

## DISCUSSION

### A. Appointment of civil practitioners

The scheme adopted by Respondent appoints attorneys on a "rotational basis," with apparently little or no individual consideration for matching lawyers possessing particular experience or training with specific cases. The compensation scheme adopted by the court for these conscripted lawyers provides a total of $375 for up to twenty hours' work on a case ($17.50 per hour), and $50 an hour if more than twenty hours are required to complete the representation. For attorneys such as Deason, who believe they are ill-equipped to represent criminal defendants, the court offered the assistance of paid "mentors," attorneys who specialize in criminal law. These mentors agree to be available for consultation but nothing else.

### 1. Competent counsel

It is axiomatic that our criminal justice system demands that every defendant threatened with a loss of liberty be represented at trial and on appeal by competent counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Ariz.R.Crim.P. 6.1(b). Defendants not able to afford to hire counsel are entitled to have counsel appointed for them. Ariz. Const. Art. 2, § 24; *State v. Anderson*, 96 Ariz. 123, 131, 392 P.2d 784, 790 (1964). By statute, when a court appoints counsel to represent a criminal defendant, that counsel "shall be paid by the county in which the court presides." A.R.S. § 13–4013. By rule, appointment of private lawyers to represent criminal defendants "shall be made in a manner fair and equitable to the members of the bar, taking into account the skill likely to be required in handling a particular case." Ariz.R.Crim.P. 6.5(c).

A necessary corollary of these principles is that the attorney appointed must render competent, effective assistance at trial and on appeal. *State v. DeLuna*, 110 Ariz. 497, 500–01, 520 P.2d 1121, 1124–25 (1974). Assigning an attorney incapable, for whatever reason, of providing effective assistance at these stages violates a defendant's constitutional rights. *Id.; Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984). Our code of professional conduct echoes these policies. *See* Arizona Rules of Professional Conduct, Ethical Rules 1.1, 1.7(b), 6.2 cmt., Ariz.R.Sup.Ct. 42. Inadequate representation at trial and on appeal also violates the public's interest in— and right to—establishing a fair justice system and achieving prompt, final disposition of charges.

We believe the Yuma County system of appointing private attorneys for indigent defendants offends the requirements of the statute and the rule. First, appointment of lawyers on a random, rotational basis does not take "into account the skill likely to be required in handling a particular case." Ariz.R.Crim.P. 6.5(c). Respondent does not suggest that there is any individualized matching of lawyer to defendant. Instead, Respondent justifies the appointments by providing mentors. As Respondent describes them, the mentors are available to "assist in the answer to questions and to assist you (not do your work for you)." We do not share Respondent's optimism that an attorney like Deason, who has no trial or criminal experience, can become reasonably competent to represent a defendant, like Zarabia, charged with a very serious crime, simply by having a mentor with whom to consult as the need may be perceived and the occasion arise. Indeed, one wonders whether even a very able probate and estate planning lawyer will know when or on what issue to seek help and advice.

### 2. Compensation

Yuma County is obligated by A.R.S. § 13–4013 and Rule 6.5(c) to provide appointed counsel and pay such counsel reasonable and equitable compensation. Even a brief analysis of the county's system reveals that it fails to meet this standard. Morgan normally charges his civil clients $150 an hour. He has calculated his overhead expenses to be approximately $75 per billable hour. If this is correct, and we can certainly take notice that established lawyers have substantial overhead expenses, the compen-

sation schedule for appointed attorneys will pay Morgan only twenty-five to sixty-five percent of his overhead expenses and nothing for his time.

A compensation scheme that allows lawyers significantly less than their overhead expense is obviously unreasonable, although on this sparse record we refrain from any formal finding on whether the Yuma County fee schedule is unreasonable. Yuma's payment schedule simply illustrates the inequity of the appointment system. It is impermissible for the presiding judge, in wholesale fashion, to transfer the public's constitutional obligation to pay the financial cost of indigent defense to the county's private lawyers.

### B. Porter's complaint of excessive case load

■ On November 1, 1995, Porter, a contract attorney, wrote to Respondent detailing her existing case load and expressing her opinion that she could not ethically accept further appointments until her case load decreased. Without holding a hearing, Respondent rejected Porter's request and continued to assign new cases to her.

This court established presumptive case load ceilings for criminal defense counsel in *State v. Joe U. Smith*, 140 Ariz. 355, 681 P.2d 1374 (1984). In that case, we pointed out the ethical obligation of defense counsel to manage their professional responsibilities so as to ensure that they are able to provide adequate representation to every client.

Although the guidelines expressed in *Joe U. Smith* are an appropriate standard, Porter does not ask that we determine whether her case load exceeds *Joe U. Smith* limits. Nor is the record presented to us adequate to that task. It is sufficient for the present to say that Porter has raised colorable questions concerning her ability to provide adequate representation, and her request for a hiatus in appointments should not have been summarily denied.

### C. Plea policy

Petitioners have raised issues concerning the Yuma County Superior Court's policies concerning stipulations in plea agreements.

Supposedly, disallowing such agreements has the effect of increasing the number of cases assigned to the bar. In *Espinoza v. Martin*, this court disapproved of court policies that allowed rejection of a plea agreement without individualized consideration simply because the agreement contained a stipulated sentence. 182 Ariz. 145, 894 P.2d 688 (1995). Because the record is not clear on this issue, we do not reach it. We assume, rather, that all judges will comply with Arizona law in this area.

### CONCLUSION

For the reasons set forth above, we hold that the practice of rotational appointment of private attorneys adopted by Respondent violates both A.R.S. § 13–4013 and Rule 6.5(c). This conclusion obviates the need to pass on the substantial constitutional issues raised by Petitioners. On a cautionary note, however, nothing we say here should be interpreted as limiting a judge's inherent authority to achieve justice by appointing a particular lawyer to represent a defendant or litigant in a particular case, even if the appointment is pro bono or causes financial hardship to the appointed lawyer. There is a stark distinction, however, in requiring a lawyer to handle one case or a few and in conscripting lawyers to regularly handle all cases regardless of their ability or willingness to do so. We do not believe the court's inherent authority can extend so far. Whatever appointment process a court adopts should reflect the principle that lawyers have the right to refuse to be drafted on a systematic basis and put to work at any price to satisfy a county's obligation to provide counsel to indigent defendants.

### ORDER

IT IS HEREBY ORDERED that relief is granted as follows:

1. Morgan's appointment is vacated; Respondent is directed to appoint qualified attorneys to represent Morgan's criminal clients.[1]

2. Respondent shall hold an evidentiary hearing to determine whether Porter must withdraw from existing assignments or can properly accept new appointments.

1. On February 1, 1996, this court granted the     state's motion to supplement the record. That

3. Respondent shall hold an evidentiary hearing for any other appointed private attorney who reasonably asserts that he or she will be unable to provide effective representation to an indigent defendant because of a lack of adequate training or experience or because of currently existing professional commitments.

4. Respondent shall provide a fair and equitable fee schedule for lawyers appointed from private practice. The fee schedule shall consider all appropriate factors, including the bar's obligation to serve the public.

IT IS FURTHER ORDERED that in all other respects, the relief requested by Petitioners is denied.

ZLAKET, Vice C.J., and MOELLER and MARTONE, JJ., concur.

CORCORAN, J., did not participate in the determination of this matter.

---

supplement indicated that Respondent removed Deason from Zarabia's case and reassigned his case to another attorney. This moots Deason's and Zarabia's claims, but because the matter is capable of repetition, we exercise our discretion to reach the merits. *State v. Valenzuela,* 144 Ariz. 43, 44–45, 695 P.2d 732, 733–34 (1985).

The supplement also noted that after oral argument, Respondent affirmatively apprised all Yuma County superior court judges to comply with *Espinoza.* Because we did not reach this issue, this information does not affect our disposition.