75 P.3d 142

**STATE of Arizona, Appellee,**

v.

**Victor TORRES, Appellant.**

No. 1CA–CR 02–0278, 1CA–CR 02–0279.

Court of Appeals of Arizona.
Division One, Department C.

Aug. 28, 2003.

Terry Goddard, Attorney General, Phoenix, By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Karla Hotis Delord, Assistant Attorney General, for Appellee.

Susan Sherwin, Office of the Legal Advocate, Phoenix, By Tennie B. Martin, Deputy Legal Advocate, for Appellant.

## OPINION

LANKFORD, J.

¶ 1 This appeal requires us to decide whether a trial court may—and indeed must—conduct an inquiry and decide an indigent criminal defendant's motion to substitute appointed counsel. We hold that a court must decide such a motion after adequately inquiring into the grounds for it, and that failure to do so is reversible error that requires a new trial.

¶ 2 Defendant Victor Torres appealed from two cases, and we consolidated the two appeals.[1] His appeal first asserts that the superior court's failure to consider his motion to substitute appointed counsel violated his constitutional right to adequate representation. We agree and therefore reverse and remand for a new trial. Although Defendant also contends that the superior court deprived him of his constitutional right to a speedy trial, that contention lacks merit.

¶ 3 We first address Defendant's argument that he was denied his constitutional right to adequate representation, *see* U.S. Const. amend. VI; *see also* Ariz. Const. art. 2, § 24, because the superior court declined to consider his motion for new counsel. Two months before his original trial date, Defendant filed a written motion in propria persona[2] alleging that he could no longer speak

---

1. Defendant appealed from his convictions for five counts (aggravated assault, unlawful flight from a marked law enforcement vehicle, misconduct with a weapon, and two counts of disorderly conduct) and the revocation of his probation for an earlier theft violation, which was an automatic result of his other convictions.

2. Defendant's "Motion for Dismissal of Counsel" may be viewed as either a motion for appointed counsel's substitution or disqualification. Defendant and the superior court treated the motion as one for substitution, and the parties do the same on appeal, just as our supreme court has treated similar motions in the past. *See, e.g., State v.*

with his appointed counsel about his case, that he did not trust his appointed counsel, that he felt "threatened and intimidated" by him, that he no longer felt there was "confidentiality" between them, and that the attorney was no longer behaving in a professional manner. Defendant also raised this issue at the pre-trial hearing. In response, the superior court judge then assigned to the case, Judge Stephen A. Gerst, stated: "I don't have the authority as a judicial officer to say, you know, Sam's taken off and Maria is put on [as appointed counsel].... I don't have that authority, but if you contact the Public Defender's Office, perhaps they can, you know, work with you on that." The judge denied the motion without considering the basis for Defendant's allegations.

¶ 4 After the jury convicted Defendant, he appeared at a sentencing hearing before Judge Jeffrey A. Hotham. At that hearing, Defendant again expressed his dissatisfaction with appointed counsel, stating that counsel had waived Defendant's speedy trial rights despite Defendant's desire not to do so, had visited Defendant only two weeks before his trial, and had never asked Defendant if he "was guilty or what happened."

¶ 5 In response, Judge Hotham decided to appoint new counsel, stating:

> If you are not comfortable or pleased with [trial counsel's] services, and you don't want him to represent you for your sentencing today, I will have to appoint another lawyer, and we can wait 30 or 60 days until another lawyer is prepared. On the other hand, if you are comfortable with [trial counsel] to represent you for the sentencing today, then we can go ahead and do that today. But obviously if you are not pleased with his services and don't want him to represent you today, I will appoint another lawyer for you. What do you want to do?

After Defendant indicated that he wanted different appointed counsel for sentencing, Judge Hotham continued the sentencing hearing, allowed the Public Defender to with-draw, and appointed the Office of Court Appointed Counsel to represent Defendant. Thus, the two judges who presided over this case ruled differently on Defendant's requests for new counsel.

¶ 6 This case presents questions of law—whether a superior court presented with a defendant's motion for new appointed counsel must decide the motion, whether the court must conduct an inquiry, and if so, the nature of that inquiry. We therefore review de novo. *Compare State v. Paxson,* 203 Ariz. 38, 42, ¶ 19, 49 P.3d 310, 314 (App.2002) (appellate court reviews questions of law de novo), *with LaGrand,* 152 Ariz. at 487, 733 P.2d at 1070 (appellate court will not disturb a superior court's decision to deny a defendant's request for new counsel absent an abuse of discretion).

¶ 7 We hold that the superior court not only has the authority but, indeed, the duty to decide the motion after conducting an adequate inquiry of a defendant's motion for substitute counsel. The court thus erred in declining to consider and decide the motion on its merits.

■ ¶ 8 The superior court had the authority and obligation to protect Defendant's constitutional right to counsel by deciding Defendant's motion. The Sixth Amendment guarantees that defendants are entitled to be represented by counsel. *See Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The defendant is entitled not merely to counsel, but to *adequate* legal representation: "A criminal defendant is entitled to full and fair representation within the bounds of the law." *State v. Lee,* 142 Ariz. 210, 220, 689 P.2d 153, 163 (1984); *see Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("the right to counsel is the right to the effective assistance of counsel") (citation omitted); *State v. Moody,* 192 Ariz. 505, 507, ¶ 11, 968 P.2d 578, 580 (1998) ("A criminal

---

*LaGrand,* 152 Ariz. 483, 486, 733 P.2d 1066, 1069 (1987) (treating appellant's pro se motion to remove his counsel as a motion for substitute counsel). Even if we characterized the motion

as one for disqualification, the result would be the same: If disqualification of counsel were ordered, new appointed counsel would be required.

defendant has a Sixth Amendment right to representation by *competent* counsel.") (emphasis added).

¶ 9 Protecting a defendant's Sixth Amendment right is squarely within the court's authority: "It is the court's duty to protect constitutional rights." *Bristor v. Cheatham*, 75 Ariz. 227, 234, 255 P.2d 173, 177 (1953); *see also Von Moltke v. Gillies*, 332 U.S. 708, 722, 68 S.Ct. 316, 92 L.Ed. 309 (1948) ("It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings.").

¶ 10 In fact, if the court fails to protect a defendant's right to counsel, that right is vulnerable to violation. If a defendant lacks competent counsel, then his attorney cannot protect him. Defendant himself cannot be expected to know how to protect his rights: That is the very "purpose of the constitutional guaranty of a right to counsel . . . ." *Johnson*, 304 U.S. at 465, 58 S.Ct. 1019. Nor can the State be expected to act outside its role as defendant's adversary to zealously protect his right to counsel.

■■■ ¶ 11 When a defendant alleges that his present counsel cannot effectively represent him, and he requests new counsel, the court must at least consider and decide that allegation. "Given the commands of Sixth Amendment jurisprudence, a state trial court has no discretion to ignore an indigent defen-

dant's timely motion to relieve an appointed attorney." *Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir.2000); *see* Wayne R. LaFave et al., 3 *Criminal Procedure* § 11.4(b) (2d ed. 1999) ("When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel.") (footnotes omitted); *see also LaGrand*, 152 Ariz. at 486, 733 P.2d at 1070 ("a request for new counsel *should be examined* with the rights and interest of the defendant in mind tempered by exigencies of judicial economy") (emphasis added).[3]

■■ ¶ 12 Not only must a trial court rule on a motion for new counsel, it must determine its basis before ruling. *See United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988) (stating that "adequacy of the court's inquiry into the defendant's complaint" is one factor to be considered by the appellate court evaluating whether the trial court's denial of motion for new counsel was an abuse of discretion) (citing *United States v. Allen*, 789 F.2d 90, 92 (1st Cir.1986), and *United States v. Whaley*, 788 F.2d 581, 583 (9th Cir.1986)).

¶ 13 Our supreme court, too, has recognized that the decision must be made in an informed and careful way:

[A] request for new counsel should be examined with the rights and interest of the defendant in mind tempered by exigen-

**3.** The superior court's assertion that it lacked authority to rule on the motion cannot rest on the notion that a judge may not appoint a *particular* lawyer as defense counsel. A court has the "inherent authority to achieve justice by appointing a particular lawyer to represent a defendant or litigant in a particular case, even if the appointment is pro bono or causes financial hardship to the appointed lawyer." *Zarabia v. Bradshaw*, 185 Ariz. 1, 4, 912 P.2d 5, 8 (1996) (holding that county's practice of appointing private attorneys to represent criminal defendants regardless of attorneys' skills violated defendants' constitutional rights to adequate representation); *see also* Ariz. R.Crim. P. 6.5(b) ("public defender shall represent all persons entitled to appointed counsel whenever he or she is authorized by law and able in fact to do so"); Ariz. R.Crim. P. 6.5(c) ("If the public defender is not appointed, a private attorney shall be appointed to the case. All criminal appointments shall be

made in a manner fair and equitable to the members of the bar, taking into account the skill likely to be required in handling a particular case."). Thus, although a court may prefer to appoint an office such as the Office of Court Appointed Counsel, it is not required to do so and is not forbidden from naming a lawyer.

On the other hand, an indigent defendant has no right to choose a particular lawyer:

Although an indigent criminal defendant has a Sixth Amendment right to competent counsel, this right does not include counsel of choice. *See State v. LaGrand*, 152 Ariz. 483, 486, 733 P.2d 1066, 1069. Nor does this right guarantee a " 'meaningful relationship' between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1 [103 S.Ct. 1610, 75 L.Ed.2d 610] (1983).

*State v. Bible*, 175 Ariz. 549, 591, 858 P.2d 1152, 1194 (1993).

cies of judicial economy. We have identified several factors to be considered by the trial judge: whether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the time period already elapsed between the alleged offense and trial; the proclivity of the defendant to change counsel; and quality of counsel.

*LaGrand,* 152 Ariz. at 486–87, 733 P.2d at 1069–70.

¶ 14 The trial court must ascertain the facts that bear on the decision. While the court need do no more than review the record to determine such factors as the timing of the motion and trial delay, it must inquire to determine other factors such as the nature of the alleged conflict between counsel and client.[4] In this case, the failure to conduct an adequate inquiry prevented consideration of at least some of the factors set forth by our supreme court.

¶ 15 We do not decide that an irreconcilable conflict existed or that defense counsel was ineffective. Because no inquiry was made into the basis for Defendant's allegations, we lack the record to make such determinations.[5] However, the allegations Defendant made were sufficiently colorable to require investigation. If his allegations proved true, they would necessitate new counsel, because "the presence of a genuine irreconcilable conflict *requires* the appointment of new counsel." *State v. Henry,* 189 Ariz. 542, 547, 944 P.2d 57, 62 (1977).[6]

¶ 16 Defendant's motion asserted both that his appointed counsel had not communicated with him and that he did not trust his appointed counsel. Defendant made similar claims at the pre-trial hearing: he asserted that he had no communication with his appointed counsel, that his appointed counsel had not visited him, that the two could not work together, and that he could not trust his appointed counsel.[7] Defendant also inti-

**4.** Every circuit of the United States Court of Appeals has reached the same conclusion: A trial court should conduct an inquiry into the basis for a defendant's colorable motion to appoint substitute counsel. *United States v. Morrison,* 946 F.2d 484, 499 (7th Cir.1991) ("the courts of appeals have held that 'the district court must engage in at least some inquiry as to the reasons for the defendant's dissatisfaction with his existing attorney'") (citing *McMahon v. Fulcomer,* 821 F.2d 934, 942 (3d Cir.1987)) (internal quotation omitted); *see United States v. Graham,* 91 F.3d 213 (D.C.Cir.1996); *Smith v. Lockhart,* 923 F.2d 1314 (8th Cir.1991); *United States v. Iles,* 906 F.2d 1122 (6th Cir.1990); *United States v. Gallop,* 838 F.2d 105 (4th Cir.1988); *United States v. Padilla,* 819 F.2d 952 (10th Cir.1987); *United States v. Hillsberg,* 812 F.2d 328 (7th Cir.1987); *United States v. Allen,* 789 F.2d 90 (1st Cir.1986); *Thomas v. Wainwright,* 767 F.2d 738 (11th Cir.1985); *United States v. Welty,* 674 F.2d 185 (3d Cir.1982); *United States v. Young,* 482 F.2d 993 (5th Cir.1973); *United States v. Calabro,* 467 F.2d 973 (2d Cir.1972); *Brown v. Craven,* 424 F.2d 1166 (9th Cir.1970).

**5.** The trial court's consideration of the motion should create a record with which an appellate court may review its decision. *See United States v. Gonzalez,* 113 F.3d 1026, 1028 (9th Cir.1997) (finding abuse of discretion because trial court failed to conduct an adequate inquiry, depriving the court of a record for review and the defendant an opportunity to more fully present his concerns). The trial court's failure to adequately inquire into the basis of a defendant's motion does not only preclude that court from making a reasonable determination of its validity. "The absence of any inquiry by the [trial] court also deprives this court of a sufficient basis to conduct our review of [the defendant's] request." *United States v. Musa,* 220 F.3d 1096, 1102 (9th Cir.2000); *State v. Gannon,* 130 Ariz. 592, 594, 638 P.2d 206, 208 (1981) (when reviewing post-conviction relief proceeding, "[a] determination whether the defendant has received effective assistance of counsel is made on the basis of the record"); *cf. Moody,* 192 Ariz. at 507–09, ¶¶ 13–21, 968 P.2d at 580–82.

**6.** Although irreconcilable conflict is not permitted, conflict between counsel and a criminal defendant is but one factor a court should consider in deciding whether to substitute counsel. *See LaGrand,* 152 Ariz. at 486–87, 733 P.2d at 1069–70. A mere allegation of lost confidence in counsel does not require appointing substitute counsel. *See State v. Crane,* 166 Ariz. 3, 11, 799 P.2d 1380, 1388 (App. 1990).

*Bible,* 175 Ariz. at 591, 858 P.2d at 1194.

**7.** Defendant's exact statements were as follows:

THE DEFENDANT: ... Me and my lawyer, we don't have no communication.

I filed a motion. I think I did it wrong to dismiss him from my counsel, because there is numerous promises and everything has been broken. There is no communication there, Judge.

mated that his counsel had performed little or no work on his case.[8] If these statements were true, they may establish a sufficient conflict to require new counsel. *See Henry,* 189 Ariz. at 547, 944 P.2d at 62; *see Moody,* 192 Ariz. at 507–09, ¶¶ 13–21, 968 P.2d at 580–82; *see also Strickland,* 466 U.S. at 688, 104 S.Ct. 2052 (counsel must advocate, consult with defendant on important decisions, and keep defendant informed of important developments).

¶ 17 The summary denial of Defendant's motion violated his Sixth Amendment right to counsel because it may have subjected him to "representation by a lawyer with whom he had a completely fractured relationship." *Moody,* 192 Ariz. at 509, ¶ 23, 968 P.2d at 582 (stating that representation by attorney with whom defendant had irreconcilable conflict violated defendant's right to representation). A violation of the constitutional right to effective counsel is an error of such dimension that automatic reversal is required. *Id.* Failure to hold a hearing on an allegation of a fundamental constitutional violation is reversible error. *See State v. Post,* 121 Ariz. 579, 580, 592 P.2d 775, 776 (1979) ("[W]e consider the court's failure to hold the requested voluntariness hearing reversible error necessitating a new trial.").[9]

¶ 18 Trial courts have the authority and the duty to protect a defendant's basic constitutional trial rights, including the right to counsel. When the defendant makes a colorable claim that counsel cannot effectively represent him, the court can be neither idle nor neutral. It must determine whether the defendant is protected by counsel or not.

> That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair.

*Strickland,* 466 U.S. at 685, 104 S.Ct. 2052.

¶ 19 Because we conclude that reversal is mandatory, we must address the other issue involved in this appeal to determine whether we may remand for a new trial: whether Defendant was denied his constitutional right to a speedy trial. A defendant is entitled to a speedy trial pursuant to both the Arizona and the United States Constitutions. *See* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. Defendant asserts his trial date violated his right to a speedy trial.

¶ 20 The relevant facts are as follows. The last day for Defendant's trial was July 23,

---

I notified him the day I got locked up that I wanted a speedy trial. This man has not came to see me. I just need a way—you know, I need to know how to dismiss it from my counsel, because he's not—he's not representing me in this case.

. . .

THE DEFENDANT: . . . I'm willing to work with anybody, but this man will just not work with me, and I can no longer—I cannot speak my case and I will not speak my case with him.

. . .

THE DEFENDANT: . . . [I]t would be fair to say that I don't dislike him, I just cannot trust him.

8. When the court stated that new counsel would need some time to "get up to speed on [the] case," and talk to the State about the possibility of a plea offer, Defendant stated:
   Anyways, that's more—hey, that's more than what has been done at this point. That's way more than has been done from this point in my case, so I'm happy with that.

9. Assessing the validity of a defendant's claim after trial requires a petition for post-conviction review. That approach potentially wastes the effort of the trial conducted in violation of a defendant's constitutional rights and necessitates new evidentiary hearings not only on the asserted conflict of counsel, but on counsel's actual performance during the trial. *See State v. Spreitz,* 202 Ariz. 1, 2–3, ¶¶ 5–9, 39 P.3d 525, 526–27 (2002) (reviewing case law and holding that ineffective assistance claims *must* be brought in a petition for post-conviction relief prior to appellate consideration). Such post-hoc inquiries are inherently more burdensome than the limited inquiry required before the trial when a defendant seeks new counsel. They are also less effective because, while they can cure the constitutional violation, they cannot prevent it. Defendant made his motion before the trial began, giving the trial court an opportunity to prevent a constitutional violation if it determined that Defendant's allegations were true.

2001.[10] At a pre-trial hearing on June 12, 2001, Defendant refused to delay his trial or waive time. Nonetheless, the superior court found that "extraordinary circumstances exist[ed]"[11] and set the trial for August 27, 2001, as agreed upon by defense counsel and the State. *See* Ariz. R.Crim. P. 8.5(b) (continuance may be granted upon showing of "extraordinary circumstances").

¶ 21 The court's extension of Defendant's trial date did not violate his speedy trial rights.[12] In Arizona, "[a] continuance of any trial date shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice ... for so long as is necessary to serve the interests of justice." Ariz. R.Crim. P. 8.5(b). Where there is such a showing, the prescribed time period is excluded from the computation of the time limits. Ariz. R.Crim. P. 8.4(d). The superior court found that there were "extraordinary circumstances" and that "a delay [was] indispensable to the interest of justice," because defense counsel was not available to try the matter until August 20, 2001. Therefore, because Defendant's trial was delayed only for the period of time necessary to overcome the "extraordinary circumstances," the delay was excluded time. Defendant's speedy trial rights were protected. The charges against Defendant may be retried on remand.

¶ 22 Accordingly, we affirm the superior court's delay of Defendant's trial but reverse

Defendant's convictions and sentences and remand this matter for a new trial.

PATTERSON, Jr., P.J. and HALL, J., concurring.

---

10. At the time of Defendant's trial, Arizona Rule of Criminal Procedure 8.2(b) required that every person in custody on a criminal offense be tried within 120 days of his initial appearance or ninety days of his arraignment, whichever is lesser. Although the speedy trial rules were amended May 31, 2002, after Defendant's trial, *see* Ariz. R.Crim. P. 8, we apply the version of the rules then in effect.

11. This finding was based on problems with both trial counsel's and the court's schedules.

12. Although Defendant asserts his speedy trial rights are both constitutional and rule-based, we address only the applicable Arizona speedy trial rules because they are "more restrictive than the constitutional right to speedy trial," *State v. Vasko*, 193 Ariz. 142, 146, ¶ 19, 971 P.2d 189, 193 (App.1998), and "the unspecified length of delay necessary to a Sixth Amendment violation ... is superseded in Arizona by the narrowly drawn time limits enumerated in Rule 8.2." *State v. Tucker*, 133 Ariz. 304, 308, 651 P.2d 359, 363 (1982), *limited on other grounds by State v. Kangas*, 146 Ariz. 155, 704 P.2d 285 (App.1985).