IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

THE STATE OF ARIZONA,
*Respondent*,

*v.*

ESTEBAN JAVIER TERRAZAS,
*Petitioner*.

No. 2 CA-CR 2015-0002-PR
Filed April 13, 2015

---

Petition for Review from the Superior Court in Pima County
No. CR20100580001
The Honorable Jane L. Eikleberry, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Barbara LaWall, Pima County Attorney
By Jacob R. Lines, Deputy County Attorney, Tucson
*Counsel for Respondent*

Law Office of Harley Kurlander, Tucson
By Harley Kurlander
*Counsel for Petitioner*

---

**OPINION**

Presiding Judge Kelly authored the opinion of the Court, in which
Judge Howard and Judge Vásquez concurred.

K E L L Y, Presiding Judge:

**¶1**      Esteban Terrazas seeks review of the trial court's order summarily denying his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P. We will not disturb that ruling unless the court clearly abused its discretion. *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). Terrazas has not met his burden of demonstrating such abuse here.

**¶2**      After a jury trial, Terrazas was convicted of manslaughter and sentenced to a 10.5-year prison term. We affirmed his conviction and sentence on appeal, but vacated the criminal restitution order entered at sentencing. *State v. Terrazas*, No. 2 CA-CR 2011-0341 (memorandum decision filed May 17, 2013). Terrazas initially had been charged with aggravated assault and first-degree murder. He was acquitted of aggravated assault, and the trial court declared a mistrial as to the first-degree murder charge when the jury failed to reach a verdict. During the first trial, Terrazas had been represented by an attorney as well as by a law student who had been certified to practice pursuant to Rule 38(d), Ariz. R. Sup. Ct.[1] The same attorney and the student, who had since graduated law school and taken the bar exam but had not yet been admitted to the state bar, represented Terrazas at his second trial.

**¶3**      After his conviction, Terrazas learned that the former student's Rule 38(d) certification had expired before the second trial. He then sought post-conviction relief, arguing that, as a result, he had been denied the right to counsel. The trial court summarily denied relief, concluding that Terrazas had not been denied his right to counsel because, irrespective of the former student's lack of current Rule 38(d) certification, Terrazas had been represented by

---

[1]Rule 38(d) allows qualified law students and recent graduates to "be deemed an active member of the state bar" and, inter alia, participate in certain court proceedings, including criminal proceedings in superior court when accompanied by a supervising attorney.

the properly licensed attorney throughout his trial. This petition for review followed.

**¶4** On review, Terrazas reurges his claim that representation by the former student violated his right to counsel and "require[s] reversal of [his] conviction without the necessity of showing actual prejudice." We agree with Terrazas that the complete deprivation of counsel during a critical stage of the proceedings is structural error—that is, it is presumptively prejudicial. *See State v. Valverde*, 220 Ariz. 582, ¶ 10 & n.2, 208 P.3d 233, 235-36 & 236 n.2 (2009). Terrazas relies primarily on *Solina v. United States*, in which the Second Circuit Court of Appeals determined that representation by an individual never authorized to practice law constituted the complete deprivation of counsel and that a defendant represented by such an individual suffered prejudice per se. 709 F.2d 160, 167-68 (2d Cir. 1983). The Second Circuit limited its reasoning to those

> situations where, unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character.

*Id.* at 167.

**¶5** The situation presented in *Solina* does not exist here, nor is it remotely analogous. While represented by the uncertified former student, Terrazas also was represented by a member of the bar. That attorney was "fully responsible for the manner in which [the proceedings] [we]re conducted." Ariz. R. Crim. P. 38(d)(5)(C)(i)(c). Thus, his right to counsel was not violated. Although Terrazas complains the attorney's presence cannot "cure[]" the former student's lack of proper certification, he does not support this argument with citation to authority, and we can discern no reason to

adopt such a rule.[2]  Indeed, we find authority adverse to Terrazas's position.  The Illinois Supreme Court has concluded that, "[t]he presence of the licensed attorney, who certainly is counsel for constitutional purposes, is not somehow 'cancelled out' by the law student's participation, even if the law student has not complied with" the applicable rules.  *In re Denzel W.*, 930 N.E.2d 974, 982 (Ill. 2010).  We agree.

¶6      Although we grant review, we deny relief.

---

[2]Terrazas asserts the attorney had "no authority" to supervise the former student due to the lack of Rule 38(d) certification and was "merely present" during trial.  He has identified nothing in the record suggesting either party or the court was aware of the former student's lack of proper certification or that the attorney failed to adequately supervise the student or be present during all proceedings as required by Rule 38(d)(5)(C)(i)(c).