IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee*,

*v.*

DEMIRUS ANANDA KOEPKE,
*Appellant*.

No. 2 CA-CR 2015-0308
Filed June 29, 2016

---

Appeal from the Superior Court in Pima County
No. CR20144294001
The Honorable Carmine Cornelio, Judge
The Honorable Jane L. Eikleberry, Judge

**AFFIRMED**

---

COUNSEL

Mark Brnovich, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Adele G. Ponce, Assistant Attorney General, Tucson
*Counsel for Appellee*

Steven R. Sonenberg, Pima County Public Defender
By Rebecca A. McLean, Assistant Public Defender, Tucson
*Counsel for Appellant*

———————————————

**OPINION**

Judge Miller authored the opinion of the Court, in which Presiding Judge Vásquez and Chief Judge Eckerstrom concurred.

———————————————

M I L L E R, Judge:

**¶1**   Demirus Koepke appeals her conviction for second-degree burglary, for which she was ordered to complete two years' supervised probation. She argues her attorney's assistance by a law student under Rule 38(d), Ariz. R. Sup. Ct. without her written consent amounted to a denial of her right to counsel. For the reasons that follow, we affirm.

**Factual and Procedural Background**

**¶2**   The undisputed evidence showed that in October 2014, Koepke entered her neighbors' house without permission while they were away on vacation and took some jewelry. A licensed attorney from the public defender's office was appointed to represent Koepke one week after she was indicted. The attorney filed several motions in limine before trial. The court held a hearing on the motions in April 2015. Koepke, who was not in custody, did not attend the hearing and her presence was waived. Koepke's attorney was present, together with a law student who told the court he was appearing on Koepke's behalf as a certified limited practice student pursuant to Rule 38(d)(5). The law student and the attorney both substantially participated in arguing the motions, some of which the court granted and others it denied.

**¶3**   The case proceeded to a jury trial, at which Koepke's attorney and the law student were again present. The law student gave the opening statement, cross-examined several of the state's witnesses, and conducted the direct and redirect examination of Koepke. She was convicted and sentenced as outlined above, and

we have jurisdiction over her appeal pursuant to A.R.S. §§ 13-4031 and 13-4033(A)(1).

## Right to Counsel

**¶4**　　　The record reveals, and Koepke does not dispute, that a licensed attorney represented her and was present in all proceedings. However, the record contains no written consent to a law student's appearance on Koepke's behalf, nor any indication that such written consent (if it existed) was ever "brought to the attention of the judge," a twofold violation of Rule 38(d)(5)(C)(i). Koepke argues that counsel's failure to strictly comply with Rule 38(d) meant that she lacked "licensed counsel" at the hearing on her motions in limine and at trial in violation of her right to counsel.

**¶5**　　　It is "axiomatic" that a criminal defendant threatened with a loss of liberty has the right to assistance of competent counsel at trial and on appeal. *Zarabia v. Bradshaw*, 185 Ariz. 1, 3, 912 P.2d 5, 7 (1996); *see* U.S. Const. amends. VI, XIV; Ariz. Const. art. II, §§ 4, 24; A.R.S. § 13-114(2); Ariz. R. Crim. P. 6.1. The right to counsel attaches at "every critical stage of criminal proceedings"; that is, every stage at which "'substantial rights of the accused may be affected.'" *State v. Conner*, 163 Ariz. 97, 104, 786 P.2d 948, 955 (1990), *quoting Mempa v. Rhay*, 389 U.S. 128, 134 (1967). For an indigent defendant, the right to counsel includes the right to appointed counsel, but includes neither a right to counsel of choice nor a guarantee of a "'meaningful relationship'" with counsel. *State v. Hernandez*, 232 Ariz. 313, ¶ 12, 305 P.3d 378, 383 (2013), *quoting State v. Gomez*, 231 Ariz. 219, ¶ 19, 293 P.3d 495, 500 (2012).

**¶6**　　　We review Sixth Amendment issues de novo. *See State v. Glassel*, 211 Ariz. 33, ¶ 59, 116 P.3d 1193, 1210 (2005). A complete denial of the right to counsel is structural error requiring reversal.[1]

---

[1] It is not entirely clear from Koepke's briefs whether her argument is one of complete denial of counsel, a structural error, *see State v. Valverde*, 220 Ariz. 582, ¶ 10 & n.2, 208 P.3d 233, 235-36 & n.2 (2009), or rather an argument that counsel's failure to strictly comply with Rule 38(d) constitutes fundamental, prejudicial error, *see State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607-08

*State v. Valverde*, 220 Ariz. 582, ¶ 10 & n.2, 208 P.3d 233, 235-36 & n.2 (2009); *State v. Moody*, 192 Ariz. 505, ¶ 23, 968 P.2d 578, 582 (1998); *see also United States v. Cronic*, 466 U.S. 648, 658-59 (1984) (complete denial of counsel, or counsel's utter failure to subject state's case to meaningful adversarial testing, renders adversary process presumptively unreliable).

¶7        In *State v. Terrazas*, 237 Ariz. 170, ¶¶ 2-5, 347 P.3d 1151, 1151-52 (App. 2015), we faced a situation similar to the one before us.  Terrazas was represented by an attorney who was supervising a law student properly certified to practice pursuant to Rule 38(d). *Terrazas*, 237 Ariz. 170, ¶¶ 2-3, 347 P.3d at 1152.  However, the student's Rule 38(d) certification expired before the representation was complete.  *Terrazas*, 237 Ariz. 170, ¶¶ 2-3, 347 P.3d at 1152.  We rejected Terrazas's argument that he had been completely deprived of counsel as a result of the student's appearance after the expiration.  *See id.* ¶¶ 4-5 ("we can discern no reason to adopt . . . a rule" regarding failure to strictly comply with Rule 38(d) as structural error).  Notwithstanding the Rule 38(d) violation, we emphasized that Terrazas was at all times represented by a licensed attorney who was "'fully responsible for the manner in which [the proceedings] [we]re conducted.'"  *Terrazas*, 237 Ariz. 170, ¶ 5, 347 P.3d at 1152, *quoting* Ariz. R. Sup. Ct. 38(d)(5)(C)(i)(c) (alterations in *Terrazas*); *see also* Ariz. R. Sup. Ct. 38(d)(5)(E)(iii) (supervising attorney "assume[s] personal professional responsibility for any work performed" by law student).  We expressly adopted the reasoning of the Illinois Supreme Court, holding that "'[t]he presence of the licensed attorney, who certainly is counsel for constitutional purposes, is not somehow "cancelled out" by the law student's participation, even if the law student has not complied with' the applicable rules."  *Terrazas*, 237 Ariz. 170, ¶ 5, 347 P.3d at

---

(2005) (fundamental error review applies when defendant fails to object to alleged trial error).  Although failure to obtain a defendant's consent to representation by a law student in violation of Rule 38(d) could constitute fundamental error, Koepke has not met her burden of showing prejudice in this case.  Thus, we proceed with our analysis under a structural error framework.

1152, *quoting In re Denzel W.*, 930 N.E.2d 974, 982 (Ill. 2010) (alteration in *Terrazas*).

**¶8** Koepke attempts to distinguish *Terrazas* and *Denzel W.* on their facts. She argues that *Terrazas* did not consider the question of the client's consent to representation by a Rule 38(d) student and that the student in her case was involved with the representation to a greater degree than the student in *Denzel W.* We find these arguments unpersuasive, because they do not address the critical issue for purposes of a structural error analysis—was the defendant completely denied counsel at any critical stage of the proceeding? *See Valverde*, 220 Ariz. 582, ¶ 10 & n.2, 208 P.3d at 235-36 & n.2; *cf. City of Seattle v. Ratliff*, 667 P.2d 630, 631, 634-35 (Wash. 1983) (representation solely by non-attorney legal intern denied defendant right to counsel; intern was apparently prevented from contacting supervising attorney, who was not present during trial).

**¶9** Koepke's reliance on *State v. Coghill*, 216 Ariz. 578, ¶¶ 40-45, 169 P.3d 942, 952-53 (App. 2007) is misplaced. In that case we concluded the trial court did not err by rejecting the defendant's motion permitting his father, an Illinois attorney, to appear *pro hac vice* on his behalf, because the defendant did not attach a certification form from the State Bar of Arizona as required by Rule 38(a)(3)(B). *Coghill*, 216 Ariz. 578, ¶¶ 40, 42, 169 P.3d at 952. In contrast, we are not presented with the question of whether a trial court errs by preventing a law student who has not strictly followed Rule 38(d) from appearing on a defendant's behalf. Nothing in *Coghill* suggests that a defendant's right to counsel is vitiated when, although the defendant is represented by an attorney, a law student working with the attorney is not in compliance with Rule 38(d).

**¶10** The record leaves no doubt that Koepke was represented by a licensed attorney at all critical stages. Her attorney was personally present at all proceedings in which the law student participated, and the attorney retained full responsibility for the representation. *See* Ariz. R. Sup. Ct. 38(d)(5)(C)(i)(c), (E)(iii).

Koepke's argument that she was completely denied her right to counsel therefore fails.[2]  *Terrazas*, 237 Ariz. 170, ¶ 5, 347 P.3d at 1152.

## Effective Assistance of Counsel

**¶11**       A criminal defendant's claim that she was completely denied her right to counsel at a critical stage of the proceedings is cognizable on direct appeal, as illustrated above.[3]  *See, e.g.*, *State v. Kiles*, 222 Ariz. 25, ¶¶ 3, 39-45, 213 P.3d 174, 178, 183-84 (2009); *Moody*, 192 Ariz. 505, ¶¶ 1, 23, 968 P.2d at 578-79, 582.  In contrast, a claim that counsel of record was ineffective is properly raised in post-conviction proceedings pursuant to Rule 32, Ariz. R. Crim. P. *State v. Spreitz*, 202 Ariz. 1, ¶ 9, 39 P.3d 525, 527 (2002).  To the extent Koepke indirectly contends that the absence of her written consent for Rule 38(d) counsel means that her licensed counsel was ineffective, we do not address it because it can be litigated only under Rule 32.  *Spreitz*, 202 Ariz. 1, ¶ 9, 39 P.3d at 527 (appellate court "will not address" ineffective assistance of counsel on direct appeal); *see* Ariz. R. Crim. P. 32.1(a); *see also Denzel W.*, 930 N.E.2d at 983-84 (ineffective assistance of counsel standard from *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) provides appropriate

---

[2]Although the record does not support Koepke's contention that structural error occurred in this case, we do not minimize the seriousness of counsel's failure to secure a defendant's written consent to representation by a Rule 38(d) student.  The mandatory consent requirement of Rule 38(d)(5)(C)(i) operates in the shadow of a defendant's Sixth Amendment rights—it is not a "'mere suggestion[].'"  *Denzel W.*, 930 N.E.2d at 980, *quoting People v. Houston*, 874 N.E.2d 23, 27 (Ill. 2007); *see also Gideon v. Wainwright*, 372 U.S. 335, 344 (1963).

[3] Given that the right to counsel is of constitutional stature, such a claim can also be cognizable in post-conviction proceedings if it is not precluded by Rule 32.2, Ariz. R. Crim. P.  *See* Ariz. R. Crim. P. 32.1(a); *see also Terrazas*, 237 Ariz. 170, ¶¶ 3-5, 347 P.3d at 1152 (considering merits of deprivation of counsel claim in Rule 32 proceedings when defendant learned only after conviction that law student's Rule 38(d) certification had expired during representation).

framework for reviewing court where law student aiding defense has not complied with applicable certification rules).

## Disposition

**¶12**     We affirm for the reasons stated above.