NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

KARL FREDDRICK HENNINGS,
*Appellant*.

No. 1 CA-CR 22-0040

Appeal from the Superior Court in Mohave County
No.  S8015CR201801742
The Honorable Douglas Camacho, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

Rideout Law, PLLC, Lake Havasu
By Bradlee H. Rideout, Wendy Marcus
*Counsel for Appellant*

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

**W E I N Z W E I G**, Judge:

**¶1**　　　　Karl Hennings appeals his felony convictions and sentences for third-degree burglary and theft. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　We view and recount the facts in the light most favorable to sustaining the jury's verdict. *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

**¶3**　　　　Hennings hatched a plan to steal an ATM machine and recruited help. As captured by a surveillance camera, Hennings and two men broke into a Texaco gas station in the wee hours of October 10, 2018, carried an ATM machine from inside the store to an all-terrain vehicle parked near the front door, and drove away. After driving through a field to the bank of the Colorado River, the men opened the ATM and took the cash.

**¶4**　　　　Hennings was indicted for third-degree burglary and theft; the state alleged nine prior felony convictions as aggravators. He was represented by counsel at his arrangement on November 13, 2018, but a second attorney was appointed to represent him on November 19. That attorney later moved for permission to withdraw as counsel, which the court granted on December 27. A week later, on January 4, 2019, the court noted that Hennings had been assigned a third attorney. That attorney soon moved for permission to withdraw, which the court granted on January 14. Then the superior court ordered Indigent Defense Services to appoint new counsel. A fourth attorney named Gerald Gavin then appeared for Hennings on February 4.

**¶5**　　　　At some point, never identified in the record, the state offered Hennings a plea agreement. The plea agreement was set to expire on April 1, but the court held a Donald hearing[1] on May 22 at which it "advise[d] the

---

[1]　　　*State v. Donald*, 198 Ariz. 406, 418, ¶ 46 (App. 2000).

Defendant of the possible range of penalties involved if he chose to accept the plea offer." Hennings affirmed to the court he understood the risks of going to trial. Gavin said his client "was not interested in the deal," which was "completely up to [the client]." Hennings then asked the court for permission to fire Gavin because Gavin had allegedly made an inappropriate comment to him and would not listen or respond to his instructions on how to defend the case. Gavin denied making any inappropriate comments. He confirmed, however, that "I'm the lawyer," and Hennings "doesn't get to play the lawyer." The court refused Hennings' request for new counsel.

¶6        A unanimous jury convicted Hennings on both counts, finding the value of the stolen property exceeded $3,000, the offenses were committed for pecuniary gain, and accomplices were present. The court sentenced Hennings to 12 years' imprisonment for the burglary count and six years' imprisonment for the theft count, served concurrently. Hennings timely appealed. We have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Hennings raises two arguments on appeal. We take them in turn.

### I.    Deprivation of Counsel

¶8        Hennings first argues he was deprived his right to counsel under the Sixth Amendment because "[t]he first three assigned attorneys withdrew quickly due to conflict," and Gavin never discussed the plea deal with him before it expired. We review deprivation of counsel claims de novo because they implicate a defendant's Sixth Amendment rights. *See State v. Koepke*, 240 Ariz. 188, 190, ¶ 6 (App. 2016). The "complete denial of the right to counsel constitutes structural error requiring reversal," *id.*, and requires a "deprivation of counsel entirely, or denial of access to counsel at a critical stage in the trial process," *State v. Tucker*, 205 Ariz. 157, 162, ¶ 23 (2003).

¶9        We are not persuaded. The court was mindful to protect Hennings' rights as he shuffled from counsel to counsel, frequently continuing pre-trial proceedings for defense counsel to be hired and brought up to speed. Beyond that, Hennings had counsel at all critical stages of the trial process. The record also shows that Hennings was told about and rejected the plea deal.

## II.    Refusal to Disqualify Counsel

**¶10**        Hennings next argues the superior court erred by refusing to disqualify Gavin.  We review a "court's decision on the disqualification of counsel for abuse of discretion."  *State v. Marner*, 251 Ariz. 198, 200, ¶ 8 (2021).  To prevail, Hennings had to show "either a complete breakdown in communication or an irreconcilable conflict."  *State v. Riley*, 248 Ariz. 154, 168, ¶ 13 (2020) (cleaned up).  He did neither.

**¶11**        The superior court did not abuse its discretion.  Hennings accused Gavin of an implied insult, which Gavin denied; Gavin then assured the court he would "do [his] best to assist" his client going forward.  We will not second-guess the superior court.  *See Amparano v. ASARCO, Inc.*, 208 Ariz. 370, 379, ¶ 34 (App. 2004) (affirming superior court's refusal to disqualify counsel when reasonable basis existed to support its decision).

### CONCLUSION

**¶12**        We affirm.