[No. 49410–0.   En Banc.   August 11, 1983.]

THE CITY OF SEATTLE, *Respondent,* v. KEITH
A. RATLIFF, *Petitioner.*

*Michael Filipovic* of *Seattle–King County Public Defender Association* and *Richard Hansen,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Elizabeth M. Rene, Assistant,* for respondent.

*Robert T. Farrell* on behalf of the Washington State Bar Association, amicus curiae for petitioner.

UTTER, J.—In this case, defendant Keith Ratliff challenges the constitutionality of law student representation of indigent criminal defendants pursuant to Admission to Practice Rule 9. Mr. Ratliff also raises a secondary claim that he was denied effective assistance of counsel in this particular case because his legal intern was given neither an opportunity to consult with his supervisor nor sufficient time to prepare for trial generally. We hold that representation by a law student pursuant to rule 9 does not deny a defendant his or her right to counsel as long as the student strictly complies with rule 9 requirements. Since the record in the present case shows that the law student representing Mr. Ratliff was prevented from complying with rule 9 requirements, we hold that there was a denial of the right to counsel in the circumstances of this case.

On Friday, November 6, 1981, Mr. Ratliff appeared in Seattle Municipal Court for trial on three consolidated charges of driving with license suspended. Though Mr. Ratliff believed counsel had been assigned to represent him in these matters, and in fact Irving Paul of Associated Counsel for the Accused had been appointed on October 1, no attorney appeared in court. Upon questioning Mr. Ratliff, the court discovered that he was being represented by John Edwards, a legal intern from the Seattle–King County Public Defender Association, in another matter the next

Monday. The court then summoned Mr. Edwards, despite Mr. Ratliff's objection that Mr. Edwards was not representing him in the instant case. While the record suggests that Mr. Edwards was aware of the charges, there is no evidence in the record that he had discussed the underlying facts with Mr. Ratliff.

The court took a brief recess to await Mr. Edwards' arrival and Mr. Edwards, once he arrived, had a chance to talk with Mr. Ratliff for "[j]ust a little bit." Report of Proceedings, at 10. The court then ended its recess and expressed an intent to go forward with Mr. Edwards as counsel. Mr. Edwards objected.

> Your Honor, I would like to state at this time for the record, my name is John Edwards. I am a legal intern with Public Defenders. I represented Mr. Ratliff on another case. I did not know this case was on this morning and at this time I would ask for a continuance and I think failure to grant it would in fact be inassistant [sic] aid of counsel to the defendant. There is another witness in this case that I have not yet had a chance to talk to. That witness is not present in the courtroom. At this point I don't think that I can defend the defendant properly.

Report of Proceedings, at 10–11.

A colloquy followed between the court and Mr. Ratliff regarding his failure to have an attorney present and a previous failure to appear for trial. The court then inquired into the City's position and the City objected on the grounds that (1) "it [doesn't] take a great deal of difficulty to prepare for these particular cases" and (2) the witnesses were already present. Report of Proceedings, at 13. The court then informed Mr. Edwards that it was going to require him, over objection, to proceed but that it would allow the defense to delay presentation of its case until Monday.

The City then presented its case and the trial was continued until Monday. On Monday, the defense presented its case. The court did not find the defense case credible and found Mr. Ratliff guilty on all three charges.

Mr. Ratliff appealed, claiming that he was denied effective assistance of counsel because Mr. Edwards was given insufficient time to prepare his case and was prevented from consulting with his supervising attorney prior to trial. The Court of Appeals sua sponte raised the issue of whether representation of an indigent defendant by a law student without the presence of a supervising attorney in court is a per se denial of the right to counsel. In light of the conflict of interest created by its frequent use of legal interns, the Seattle–King County Public Defender withdrew from representation of Mr. Ratliff on this issue and we appointed separate counsel.

## I

This court determines who may or may not appear before the bar. Const. art. 4, § 1 vests judicial power of the state in the Supreme Court. It has since been established that the formulation of rules governing admission to practice is a judicial function inherent in this constitutionally granted power. *In re Levy,* 23 Wn.2d 607, 161 P.2d 651, 162 A.L.R. 805 (1945). *See also Hagan & Van Camp, P.S. v. Kassler Escrow, Inc.,* 96 Wn.2d 443, 635 P.2d 730 (1981); *In re Schatz,* 80 Wn.2d 604, 497 P.2d 153 (1972); *State ex rel. Laughlin v. Washington State Bar Ass'n,* 26 Wn.2d 914, 176 P.2d 301 (1947); *Clark v. Washington,* 366 F.2d 678 (9th Cir. 1966). Exercise of "this power is necessary for the protection of the court, the proper administration of justice, the dignity and purity of the profession, and for the public good and the protection of clients". *In re Bruen,* 102 Wash. 472, 475, 172 P. 1152 (1918). It is further recognized that judicial formulation of rules and regulations is to proceed unhampered by encroachment from other branches of government. *Graham v. State Bar Ass'n,* 86 Wn.2d 624, 548 P.2d 310 (1976). The court's power to regulate the practice of law in this state is thus not only well established but is inviolate as well.

Recognizing the inherent power of the court in this area, the Legislature enacted RCW 2.48. This legislation estab-

lished the state bar association as a body authorized to oversee the activities of persons applying for admission and practicing law in the state. Although the act allows the bar to recommend rules and regulations, this court retains ultimate authority to promulgate and approve any such rules. Using this authority, this court has approved the Code of Professional Responsibility. The code sets minimum standards of conduct for persons admitted to practice in the state and provides for sanctions against persons failing to meet these standards. Similarly, upon recommendation of the bar, we have promulgated and adopted Admission to Practice Rules. These rules set minimum qualifications for admission to the bar. Rule 9 allows lesser qualified persons to engage in limited practice.

Under APR 9(b)(1)(i), before an applicant may engage in limited practice he or she must have completed two-thirds of the prescribed study at an approved law school and must be in good academic standing at the school. Additionally, the application of one seeking rule 9 status must be signed by an experienced and duly licensed member of the bar who agrees to serve as the rule 9 intern's supervising attorney. APR 9(b)(2)(ii). That attorney must supervise and assume professional responsibility for the legal intern's work. APR 9(d)(2). The intern is also subject to the code and disciplinary rules.

Apart from these minimal qualifications for rule 9 status, we have also approved specific rules limiting the scope of the rule 9 practice. The specific rule at issue in this case provides in pertinent part:

> Except as otherwise provided . . . in courts of limited jurisdiction, a legal intern, only after participating with his or her supervising lawyer in at least one nonjury case, may try nonjury cases in such courts without the presence of a supervising lawyer; . . .

APR 9(c)(5).

█ It should be apparent then that rule 9 interns are fully authorized to appear in court without the presence of a supervisor. Although a legal intern is not an attorney, this

court has established safeguards sufficient to assure that persons attaining rule 9 status will be competent to serve the needs of their clients. In light of this court's authority to determine which persons may practice in Washington state courts, and in light of the rules this court has promulgated to assure that persons so practicing are qualified, we have held there is no per se impropriety in allowing legal interns to appear in criminal proceedings. *State v. Cook*, 84 Wn.2d 342, 525 P.2d 761 (1974). We now hold that these same safeguards are sufficient to meet constitutional requirements of "counsel".

We recognize that "counsel" as used in the Sixth Amendment and Const. art. 1, § 22 includes only those persons authorized by the courts to practice law. *See, e.g., Herrera–Venegas v. Sanchez–Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (prison inmates may not be represented by fellow inmates); *United States v. Taylor*, 569 F.2d 448, 450–51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978) (defendant has no right to be represented by disbarred attorney); *United States v. Wright*, 568 F.2d 142, 143 (9th Cir. 1978) and cases cited therein (no right to lay representation). *See also Turner v. American Bar Ass'n*, 407 F. Supp. 451, 472–74 (N.D. Tex. 1975) for an excellent historical analysis, concluding that "counsel", as used in the Sixth Amendment, encompasses only those persons a court has adjudged "fit to practice by virtue of [their] character and/or training."

We also adhere to the reasoning employed by the California court in *People v. Perez*, 24 Cal. 3d 133, 594 P.2d 1, 155 Cal. Rptr. 176 (1979). There, though recognizing that the constitution guarantees a defendant reasonably competent and effective counsel, the court refused to interpret "counsel" as meaning attorney. The court noted that before becoming certified to appear before state courts the student was compelled to meet minimum educational and competency standards. Legal internships were also recognized as legitimate programs for providing much needed trial experience for the student. The court further reasoned that every trial attorney is inexperienced when conducting a

first trial. A defendant with an inexperienced trial attorney bears similar risks as with law student representation. The safeguards built into the legal intern system when coupled with the need for on-the-job training of students were found to fall within the constitution. The protections in rule 9 are strikingly similar to those discussed by the California court. We therefore adopt that court's reasoning.

In Washington the Sixth Amendment right to counsel has progressed from a point where it was not recognized, *see Gensburg v. Smith,* 35 Wn.2d 849, 215 P.2d 880, *cert. denied,* 340 U.S. 835 (1950) (right to counsel applied only in federal courts) to the point where this court recognized that indigent defendants must be represented by counsel in all cases, "whether misdemeanor or felony, where a defendant may be subjected to the loss of liberty if determined to be guilty of the particular charge". *State ex rel. Brundage v. Eide,* 83 Wn.2d 676, 679, 521 P.2d 706 (1974) (citing *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963)); *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). *See also Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966). Thus in Washington, as in other jurisdictions, the right to counsel is of paramount importance to all persons appearing in our courts and must be jealously guarded. When rule 9 is complied with, the criminal defendant will obtain legal assistance sufficient to meet both federal and state constitutions. As the court in *Perez* so aptly points out, representation by a rule 9 intern under the active supervision of a licensed attorney will most likely result in a higher caliber representation than that provided by a novice attorney sitting alone. There is no constitutional infirmity in such representation.

## II

■ Although one who is authorized to practice only under certain conditions, such as a legal intern, may be considered "counsel" for constitutional purposes, this is so *only* when he or she complies with those conditions. In dis-

tinguishing cases such as those cited above, at page 217, the California Supreme Court impliedly recognized such a qualification to its holding in *People v. Perez, supra.*

> None of these cases remotely resemble the case at bar. The imposter cases do, however, point up the importance of state standards fashioned to ensure that persons appointed to represent defendants are competent to do so. But we perceive no constitutional requirement that prevents a state from recognizing degrees of competence. The State Bar Rules here rest on the premise that although only a member of the bar is competent to undertake to represent a defendant without supervision, an advanced law student is competent to do so if he receives immediate supervision from experienced counsel. If such Rules in fact serve to provide defendants with competent defense, we find no abridgment of constitutional protections.

*Perez,* at 139–40. Thus, in contrast to representation in accordance with governing rules, representation by a law student intern who fails to comply with the conditions placed upon his or her practice does constitute an absolute denial of the right to counsel which requires reversal. *See Cheatham v. State,* 364 So. 2d 83, 84 (Fla. Dist. Ct. App. 1978) (failure to comply with requirements that supervising attorney be present and defendant be informed of student status); *In re Moore,* 63 Ill. App. 3d 899, 904, 380 N.E.2d 917 (1978) (failure to inform court of student status and failure to obtain defendant's written consent); *cf. People v. Masonis,* 58 Mich. App. 615, 619, 228 N.W.2d 489 (1975) (law student representation did not violate right to counsel where defendant was aware of student status, general effective assistance of counsel standards were met, and there was no violation of student practice rules).

No showing of prejudice from such error need be made. While almost all courts require a showing of prejudice when a defendant claims ineffective assistance of counsel, an outright denial of counsel is conclusively presumed to be prejudicial. *Compare* Note, *A Functional Analysis of the Effective Assistance of Counsel,* 80 Colum. L. Rev. 1053,

1060–73 (1980) and cases cited therein *with Holloway v. Arkansas,* 435 U.S. 475, 489, 55 L. Ed. 2d 426, 98 S. Ct. 1173 (1978). Denial of representation by one actually authorized to practice in court constitutes a denial of counsel, not merely ineffective assistance. *People v. Felder,* 47 N.Y.2d 287, 294, 391 N.E.2d 1274, 418 N.Y.S.2d 295 (1979). Thus no prejudice need be shown. *Felder,* at 295–96.

As noted above, law student practice in Washington is subject to several conditions. *See* APR 9. In particular, the student must be under the supervision of an attorney with at least 3 years' experience. APR 9(d)(1). That attorney or another attorney in his or her office must review and cosign all court papers prepared by the intern. APR 9(d)(2). More generally, an attorney "shall direct, supervise, and review all of the work of the legal intern and . . . shall assume personal professional responsibility for any work undertaken by the legal intern". APR 9(d)(2). While this does not require in–person supervision of all appearances in courts of limited jurisdiction (*see* APR 9(c)(5)), supervision, at a minimum, requires (1) some pretrial consultation between the legal intern and a supervising attorney and (2) consent of a supervising attorney to the legal intern's appearance.

In the present case, the trial court prevented Mr. Edwards from complying with even these most basic requirements. While a trial court is entitled to assume under normal circumstances that a legal intern has complied with the conditions placed upon his or her practice (*cf. Cuyler v. Sullivan,* 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980) (trial court has no duty to inquire into potential conflict of interest in multiple representation when could not reasonably know of conflict)), the circumstances here were far from normal. The only recess during which Mr. Edwards could *conceivably* have contacted a supervising attorney was apparently quite brief and took place *before* the court informed him that he would have to proceed that day. Even if this is insufficient to show with *certainty* that Mr. Edwards was unable to contact and con-

sult with a supervising attorney, it raises sufficient doubt to require a trial court inquiry. *Cf. Wood v. Georgia,* 450 U.S. 261, 272, 67 L. Ed. 2d 220, 101 S. Ct. 1097 (1981) (court had duty to inquire into potential conflict of interest when record demonstrated significant possibility of conflict). In the final analysis, it is the trial court which is charged with assuring protection of a defendant's right to counsel. *Holloway v. Arkansas, supra* at 484 (quoting *Glasser v. United States,* 315 U.S. 60, 71, 86 L. Ed. 680, 62 S. Ct. 457 (1942)).

We hold that Mr. Ratliff was denied his right to counsel because the trial court prevented Mr. Edwards from attaining the status of "counsel" by apparently preventing him from contacting his supervisor. Reversal is therefore automatic and hence we need not inquire into the existence of prejudice. The convictions are reversed and the case remanded for a new trial.

WILLIAMS, C.J., ROSELLINI, BRACHTENBACH, DOLLIVER, and PEARSON, JJ., and HAMILTON, J. Pro Tem., concur.

DORE and DIMMICK, JJ., concur in the result.