# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1090

_____

Donroy Ghost Bear

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: December 10, 2014
Filed: February 5, 2015

_____

Before BYE, SMITH, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Donroy Ghost Bear moved in the district court to vacate or correct his sentence under 28 U.S.C. § 2255, asserting that his trial and appellate attorney rendered ineffective assistance because the attorney, among other things, failed to inform Ghost Bear that he had been subject to disciplinary sanctions by the State Bar of

Texas. The district court[1] denied the motion but granted a certificate of appealability on this question. We affirm the judgment.[2]

## I. Background

Ghost Bear was charged in a multi-defendant indictment with three counts of conspiring to distribute and conspiring to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1). He originally was appointed counsel under the Criminal Justice Act but later retained new counsel to represent him. Apparently still unsatisfied, Ghost Bear successfully moved the court to permit a third attorney, Steven Jay Rozan, to represent him and a co-defendant. On November 18, 2008, represented by Rozan, Ghost Bear pleaded guilty to one count of conspiring to distribute cocaine. On February 18, 2009, he was sentenced to 151 months' imprisonment.

Ghost Bear appealed, still represented by Rozan, and argued that the district court lacked jurisdiction to hear his case and should have reduced his sentence for acceptance of responsibility. We upheld Ghost Bear's conviction and sentence, United States v. Ghost Bear, 387 F. App'x 659 (8th Cir. 2010), and the Supreme Court denied his petition for a writ of certiorari, Bear v. United States, 131 S. Ct. 1547 (2011).

Ghost Bear then filed a pro se motion to vacate his conviction under 28 U.S.C. § 2255. He asserted numerous grounds of ineffective assistance of counsel at the trial and appellate levels. Relevant to this appeal, Ghost Bear argued that Rozan was

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, adopting the report and recommendation of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

[2]We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2253(a).

ineffective for not disclosing various disciplinary sanctions imposed on him by the State Bar of Texas, one of the states where Rozan was licensed. In 2004 and 2005, Rozan was privately reprimanded; in October 2007, he was publicly reprimanded; and in September 2009, while Rozan was representing Ghost Bear on appeal, he was suspended from practice in Texas for five years, effective January 1, 2010. With the suspension came an order from the Texas Supreme Court that Rozan, by the date of his suspension, had to provide written notice of his suspension to every client and to every justice, judge, magistrate judge, administrative judge, or other court officer in every court in which Rozan practiced. According to Ghost Bear, Rozan "abandoned" him and never revealed the suspension, in violation of the order from the Texas Supreme Court.

The magistrate judge, reviewing the case by consent, recommended denying the § 2255 motion. The magistrate judge noted that Ghost Bear had retained Rozan to represent him; the court had not "foisted" Rozan on him involuntarily. Thus, the magistrate judge concluded, it was Ghost Bear's responsibility to investigate the disciplinary past of his attorney. Moreover, the magistrate judge continued, Rozan's 2007 public reprimand did not require him to inform any future clients of the reprimand. And because Ghost Bear had pleaded guilty ten months before Rozan was suspended and ordered to inform his current clients of the suspension, the magistrate judge explained, the required notification would have come well after the district court had sentenced Ghost Bear. The magistrate judge concluded that, even if Rozan should have disclosed any of the sanctions, Ghost Bear had not shown how he was prejudiced by Rozan's silence.

The district court adopted the report and recommendation and denied Ghost Bear's motion. Ghost Bear then moved for a certificate of appealability, which the district court granted. We ordered a limited remand because the district court had not stated the issue or issues on which the certificate had been granted. See 28 U.S.C. § 2253(c)(3). The district court then clarified the only issue certified for appeal:

-3-

Whether petitioner's Sixth Amendment right to the effective assistance of counsel was denied when his attorney failed to notify Ghost Bear that he was the subject of disciplinary actions by the State Bar of Texas, including a public reprimand and later suspension.

Ghost Bear moved to expand the certificate to include additional claims of ineffective assistance of counsel. We denied that motion.

## II. Discussion

On appeal, Ghost Bear maintains that Rozan was ineffective for not disclosing his disciplinary actions that occurred while he represented Ghost Bear. He also argues, for the first time, that Rozan was ineffective for not disclosing his disciplinary actions that occurred *before* he was retained. Ghost Bear insists he never would have hired Rozan had he known about Rozan's disciplinary history or would have fired him when he learned of it.[3]

This court reviews de novo the denial of a motion under § 2255. United States v. Brewer, 766 F.3d 884, 887 (8th Cir. 2014). When reviewing a claim of ineffective assistance of counsel, we follow the two-part test from Strickland v. Washington, 466 U.S. 668 (1984): First, Ghost Bear must show that his attorney's performance was objectively unreasonable or, in other words, fell below professional norms. Ghost Bear then must demonstrate that because of his attorney's deficient performance, he was prejudiced; i.e., there is a reasonable probability that but for counsel's errors the result of the earlier proceedings would have been different. See Roundtree v. United States, 751 F.3d 923, 925 (8th Cir. 2014). Rather than point to evidence suggesting

---

[3]Ghost Bear discusses two other bases for his claim of ineffective assistance and asserts that the district court improperly denied him an evidentiary hearing. But those issues were not specified in the certificate of appealability, so they are not before us. See Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006).

that Rozan's performance met either of the Strickland elements, however, Ghost Bear argues for a per se rule of ineffectiveness: Because Rozan was suspended from the practice of law, the rule provides, his representation was ineffective.

We reject Ghost Bear's argument. Along with several other circuits, we expressly have declined to adopt a per se rule of ineffective assistance when "the defendant was represented by a trained and qualified attorney, albeit one with licensing problems." United States v. Watson, 479 F.3d 607, 611 (8th Cir. 2007); see Cole v. United States, 162 F.3d 957, 958 (7th Cir. 1998) (rejecting per se rule of ineffective assistance based on "deficiencies in lawyers' bar membership," including disbarment and suspension from local bar); United States v. Maria-Martinez, 143 F.3d 914, 919 (5th Cir. 1998) (declining to apply a per se rule of ineffectiveness "to cases of representation by improperly uncredentialed lawyers"); United States v. Stevens, 978 F.2d 565, 567–68 (10th Cir. 1992) (holding that attorney who was disbarred without notice from state bar was not per se ineffective); United States v. Mouzin, 785 F.2d 682, 696–97 (9th Cir. 1986) ("[T]he fact that an attorney is suspended or disbarred does not, without more, rise to the constitutional significance of ineffective counsel under the Sixth Amendment.").

Moreover, the per se rule for which Ghost Bear advocates would not apply to the district court proceedings in his case. Rozan did not have "licensing problems" until September 2009, during Ghost Bear's appellate proceedings, when Rozan was suspended in Texas. Ghost Bear is correct that, during the appeal, Rozan did not reveal his suspension to this court until April 2, 2010, in violation of the Texas order to inform courts and clients by January 1, 2010. And there is no evidence that he ever told Ghost Bear about the suspension. But even so, the relevant circumstances here are the same as those under which we declined to adopt a per se rule in Watson. And as in Watson, there is no allegation that Rozan was not "a trained and qualified attorney," nor is there anything inherent about that suspension that suggests Rozan

was unable to represent Ghost Bear effectively in this court.  See Watson, 479 F.3d at 611.

Ghost Bear also suggests we implement a per se rule based on Rozan's past violations.  According to Ghost Bear, Rozan's history of disciplinary issues creates an inference that he rendered ineffective representation during the proceedings in the district court.  But no circuit court has adopted such a per se rule.  The only circumstances we found in which a circuit court has adopted a pro se rule of ineffective assistance is when an attorney never was licensed to practice law in any state.  See United States v. Mitchell, 216 F.3d 1126, 1132 (D.C. Cir. 2000) (declining to extend per se rule of ineffective assistance outside of cases "in which a defendant is represented by a person never properly admitted to any bar"); Solina v. United States, 709 F.2d 160, 162, 168 (2d Cir. 1983) (applying per se rule to law school graduate who failed to pass bar examination and "was never admitted to practice law in any state").  Ghost Bear has given us no reason to be the first court to adopt his per se rule.  We instead conclude that when an attorney was subject to past professional discipline but, in all respects, remained an attorney, it is inappropriate to infer that the attorney was per se ineffective.[4]

Last, Ghost Bear says that the district court should have researched Rozan's past before allowing him to represent Ghost Bear.  Ghost Bear cites no authority for this proposition and for good reason: No rule requires such a sweeping review of counsel chosen by a defendant.  Ghost Bear may have a better argument if Rozan had been appointed by the court; in fact, Ghost Bear hired Rozan as his *third* attorney months after Ghost Bear's initial appearance.  Even if the district court had

---

[4]We also note the practical difficulties of applying the per se rule Ghost Bear proposes.  An attorney may face reprimand, discipline, or sanctions based on a wide range of improper or unethical conduct, resulting in equally wide-ranging consequences.  Given the varying circumstances that may lead to disciplinary action, we question whether the rule Ghost Bear advocates would be a "per se" rule at all.

researched Rozan's past, it would have found little reason to disqualify him: At the time of Rozan's July 2007 retainment, he had been subject to only two private reprimands by the State Bar of Texas. It was not until October 2007 that he faced his first public reprimand, but he was not required to inform future clients about that action. The first disciplinary action that required disclosure to clients was his suspension in September 2009, several months after Ghost Bear's district court proceedings had concluded.[5]

### III. Conclusion

For the reasons discussed above, we affirm the judgment of the district court denying Ghost Bear's motion to vacate his sentence.

_____

---

[5]Ghost Bear also says, without argument or elaboration, that we "should reconsider and grant the motion to expand the certificate of appealability." We "carefully" exercise our discretion to expand a certificate, Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010), and we see no reason to do so here.