IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 36965-0-III |
| | ) | |
| ROBERT L. AYERST, | ) | OPINION PUBLISHED IN PART |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — The federal and state constitutions entitle the criminally accused

to representation by counsel before an impartial tribunal. These protections are

undermined when trial counsel or the judge is engaged in criminal activity. A defendant

seeking to overturn a conviction based on criminal activity by counsel or a judge bears the

burden of proving the activity occurred in a way that undermines confidence in the

fairness of the criminal proceedings. Generalized allegations of unproven misconduct do

not meet this standard.

Robert Ayerst challenges the constitutionality of his felony convictions based on

alleged illegal activities by his trial counsel and judge. However, he fails to support the

allegations with sufficient proof. Based on this lack of proof, we deny his petition for

relief from personal restraint.

FACTS

In 2016 and 2017, Robert Ayerst faced several felony charges in Asotin County, Washington. He received appointed counsel by the name of Robert Van Idour. Mr. Van Idour has been licensed to practice law in Idaho for approximately 30 years. He provided public defense for Asotin County under contract and was working under the supervision of a Washington attorney named Neil Cox. A jury issued guilty verdicts against Mr. Ayerst after Mr. Van Idour represented him at trial. Mr. Ayerst's judgment and sentence was entered on December 18, 2017.

Over a year later, in April 2019, several events occurred that are relevant to the current case.

- On April 10, the State filed criminal charges against Mr. Ayerst's trial judge, Scott Gallina. Judge Gallina was alleged to have committed second degree rape, indecent liberties (by forcible compulsion), and assault in the third degree with sexual motivation.

- On April 11, this court issued an unpublished opinion affirming Mr. Ayerst's judgment and sentence.

- On April 19, the Washington State Bar Association (WSBA) filed a formal complaint regarding Mr. Van Idour with the disciplinary board of the

Washington Supreme Court, alleging he did not have authorization to practice law in Washington as an out-of-state attorney.

The complaints against Judge Gallina and Mr. Van Idour have yet to be adjudicated. At the time this case was submitted for argument, Mr. Van Idour remained licensed to practice law in Idaho.

On August 8, 2019, Mr. Ayerst filed a personal restraint petition (PRP) with this court. He alleges several defects at his trial, including deprivation of his rights to counsel and an impartial trial judge, based on the pending allegations against Mr. Van Idour and Judge Gallina.

Mr. Ayerst was appointed counsel to assist him with the PRP and the matter was submitted to a panel of this court for disposition.

## ANALYSIS

### *Deprivation of counsel*

Mr. Ayerst contends that because Mr. Van Idour was not authorized to practice law in Washington at the time of his trial, his judgment is void and he is automatically entitled to relief from conviction based on a theory of structural error. The State disagrees that structural error applies. According to the State, Mr. Ayerst must show he was prejudiced

by Mr. Van Idour's alleged wrongdoing and, because he has not done so, he is not entitled to relief.

A litigant challenging a criminal conviction through a PRP typically must show prejudice; i.e, that the error impacted the outcome of the case. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). An exception can apply in the context of structural error. A structural error is one impacting the framework of the trial process. *Weaver v. Massachusetts*, __ U.S. __, 137 S. Ct. 1899, 1907, 198 L. Ed. 2d 420 (2017). Structural errors are generally considered per se prejudicial and will require reversal of a conviction regardless of specific prejudice.[1]

Denial of the right to counsel is an error that can be considered structural. When counsel is denied completely—such as when a defendant is forced into self-representation—the trial process is undermined and fundamental fairness requires reversal of the conviction regardless of prejudice or the strength of the State's case. *See id.*; *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). But lesser right to counsel violations do not require such a strong remedy. The trial

---

[1] In some contexts, structural error will apply differently on direct and collateral review. *See In re Pers. Restraint of Coggin,* 182 Wn.2d 113, 120, 123, 340 P.3d P.3d 810 (2010) (C. Johnson, J., lead opinion with Madsen, C.J., concurring) (public trial violation). But our cases have not made this distinction in the right to counsel context. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

process is not jeopardized when a defendant merely receives deficient legal representation. To overturn a conviction when the right to counsel is impinged, but not denied altogether, the defendant must show counsel's deficiencies prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 280 P.3d 1102 (2012).

Mr. Ayerst's case falls between the two well-established scenarios of how to treat deprivation of counsel claims. Mr. Ayerst was not forced to represent himself at trial; he had the benefit of an attorney with considerable legal experience. But at the same time, because Mr. Ayerst's attorney was not licensed in Washington, he did not have "counsel" as that term is defined for constitutional purposes. *See City of Seattle v. Ratliff*, 100 Wn.2d 212, 217, 687 P.2d 630 (1983).

The seminal case addressing how to treat a claim for relief based on representation by an unlicensed person is Judge Henry Friendly's opinion in *Solina v. United States*, 709 F.2d 160, 167 (2d Cir. 1983). Mr. Solina was convicted of federal bank robbery charges. After trial, he discovered the individual who had been representing him was not a licensed attorney. The individual was posing as an attorney after he graduated law school, but failed the bar exam. Mr. Solina filed a petition for collateral relief from conviction, alleging he had been denied the right to counsel.

The United States Court of Appeals for the Second Circuit granted Mr. Solina's request for relief even though he had not shown the lack of a licensed attorney prejudiced the result in his case. The federal court reasoned the concept of prejudice was inapplicable because Mr. Solina's case involved an inherent conflict of interest. An individual fraudulently posing as a lawyer is involved in criminal activity. As such, the individual operates under "fear of what might happen if a vigorous defense should lead the prosecutor or the trial judge" to make an inquiry into credentials. *Id*. A conviction cannot be upheld in such circumstances; a defendant in a criminal trial "is entitled to be represented by someone free from such constraints." *Id*.

In the decades since *Solina*, courts have generally agreed structural error applies to representation by an unlicensed attorney only if the attorney has never been licensed in any jurisdiction. *Bear v. United States*, 777 F.3d 1008, 1011 (8th Cir. 2015); *United States v. Bergman*, 599 F.3d 1142, 1147-48 (10th Cir. 2010); *United States v. Mitchell*, 216 F.3d 1126, 1132 (D.C. Cir. 2000); *United States v. Maria-Martinez*, 143 F.3d 914, 916 (5th Cir. 1998); *Vance v. Lehman*, 64 F.3d 119, 121-22 (3d Cir. 1995); *Bond v. United States*, 1 F.3d 631, 636-37 (7th Cir. 1993); *State v. Edison*, 61 Wn. App. 530, 537, 811 P.2d 958 (1991); *United States v. Mouzin*, 785 F.2d 682, 696 (9th Cir. 1986).

The limited allowance for structural error is based on two considerations. "First, courts are concerned that a defendant have a counselor who has legal training and demonstrated the specialized knowledge and ability of a lawyer." *Maria-Martinez*, 143 F.3d at 916. This concern was emphasized in the Washington Supreme Court's decision in *Ratliff*, where the defendant was represented by a law student who operated outside the parameters of the admission to practice rules applicable to law students. 100 Wn.2d at 217. Second, there is concern "an undisclosed lack of credentials may create a conflict of interest." *Mariz-Martinez*, 143 F.3d at 916. This consideration is based on Judge Friendly's analysis in *Solina*.

Mr. Ayerst argues that even though Mr. Van Idour has an out-of-state license, his circumstances are akin to the conflict of interest scenario discussed in *Solina*. According to Mr. Ayerst, Mr. Van Idour's unlicensed representation amounted to criminal behavior, thus prohibiting him from providing unrestrained, vigorous representation. Just as Mr. Solina was entitled to relief from conviction without showing prejudice, Mr. Ayerst claims he too should have his convictions overturned.

We disagree Mr. Ayerst's circumstances are like those in *Solina*. Unlike the charlatan in *Solina*, Mr. Van Idour was and is an attorney, subject to state licensing regulations. Under at least some circumstances, Mr. Van Idour could have been qualified

to provide indigent defense representation in Washington. *See* APR 8. The WSBA

allegations against Mr. Van Idour have not been proven. And even under the facts

alleged, it is not clear Mr. Van Idour was purposefully evading Washington's licensing

requirements at the time he represented Mr. Ayerst. Mr. Van Idour could have been

confused. Had that been the case, he would not have been operating under the kind of

conflict of interest identified in *Solina*.

Individuals filing for PRP relief bear the burden of proving facts justifying their

claims. *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 88, 660 P.2d 263 (1983). "Bald

assertions and conclusory allegations" are insufficient. *In re Pers. Restraint of Rice*,

118 Wn.2d 876, 886, 828 P.2d 1086 (1992). If the existing record is insufficient to justify

relief, a reference hearing may be ordered under RAP 16.11(a) and RAP 16.12. *Hews*,

99 Wn.2d at 88. But to obtain a reference hearing, the petitioner must demonstrate they

have "competent, admissible evidence to establish the facts that entitle [them] to relief."

*Rice*, 118 Wn.2d at 886. This burden is similar to that required in the civil summary

judgment context. *See id.*

Mr. Ayerst has not alleged facts suggesting Mr. Van Idour's licensing problems

were sufficiently severe to fall in line with Judge Friendly's analysis in *Solina*. He has not

requested a reference hearing and we do not deem one applicable. Mr. Ayerst therefore has not established a basis for PRP relief.

*Partiality of trial judge*

Apart from his claims regarding Mr. Van Idour, Mr. Ayerst argues he was denied his due process right to a fair trial based on the criminal allegations against Judge Gallina. Although the State did not file charges against Judge Gallina until after Mr. Ayerst's trial and sentencing, Mr. Ayerst claims Judge Gallina's participation in his case denied him the right to an impartial tribunal under the appearance of fairness doctrine.

We recently addressed claims similar to those raised by Mr. Ayerst. *State v. Williams*, No. 37075-5-III, slip op. at 2 (Wash. Ct. App. Nov. 17, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/370755_unp.pdf. Two members of the current panel were on the panel in *Williams*. The attorney representing Mr. Williams in this court is the same as the one currently representing Mr. Ayerst. The briefing submitted in *Williams* largely mirrors Mr. Ayerst's briefing.

In *Williams*, we held the mere existence of criminal charges against Judge Gallina does not establish a basis for relief from conviction. Although the allegations against Judge Gallina if proven would constitute violations of the Code of Judicial Conduct and could raise issues under the appearance of fairness doctrine, the judge's alleged

misconduct would not provide grounds for relief from conviction unless tied to specific circumstances of the defendant's case.

After *Williams* was issued, Mr. Ayerst filed a statement of additional authorities identifying the following cases as support for his arguments regarding due process and the appearance of fairness doctrine: *Rippo v. Baker*, __U.S.__, 137 S. Ct. 905, 197 L. Ed. 2d 167 (2017); *In re Dependency of A.N.G.*, 12 Wn. App. 2d 789, 459 P.3d 1099 (2020); *Williams v. Pennsylvania*, __ U.S.__, 136 S. Ct. 1899, 1905, 195 L. Ed. 2d 132 (2016); *Aetna Life Ins. Co. v. Levoie*, 475 U.S. 813, 825, 106 S. Ct. 1580, 89 L. Ed. 2d 823 (1986).

The supplemental cases submitted by Mr. Ayerst stand for the rule that due process can require a trial judge's recusal even when the judge has not manifested any "actual bias." *Aetna Life Ins. Co.*, 475 U.S. at 825. The cases recognize actual bias can be difficult to prove. The standard for recusal is therefore objective and asks whether, under the circumstances of a particular case, there is "an unconstitutional potential for bias." *Williams*, 136 S. Ct. at 1905.

The test for an unconstitutional risk of bias by a judicial officer is similar to the one identified in *Solina* regarding deprivation of the right to counsel; the issue boils down to whether the judge is laboring under a conflict of interest. In *Williams* and *A.N.G*, the

conflict was that the judge had previously been involved in bringing a case against the

accused. *Williams*, 136 S. Ct. at 1905-06 (prior criminal prosecution); *A.N.G.*, 12 Wn.

App. 2d at 794 (prior dependency petition). In *Aetna Life Insurance Co. v. Lavoie*, the

conflict was that an Alabama Supreme Court justice who was the deciding vote in a

decision favorable to the Lavoies was himself in the process of suing an insurance

company under a novel theory analogous to the Lavoies' case. And in *Rippo*, the conflict

was that the trial judge was being targeted for criminal investigation by the same

authorities who were prosecuting the defendant. 137 S. Ct. at 906.

As was true in *Williams*, Mr. Ayerst does not point to any particular rulings or

statements of Judge Gallina suggesting actual bias. Instead, Mr. Ayerst claims his case is

similar to *Rippo*, because Judge Gallina was being investigated by the same authorities

bringing charges against Mr. Ayerst. According to Mr. Ayerst, this created an

unconstitutional risk of bias regardless of whether Judge Gallina was actually biased.

Similar to his claims regarding Mr. Van Idour, Mr. Ayerst's arguments regarding

Judge Gallina fail for want of factual support. Nothing in the record suggests Judge

Gallina was aware of the State's investigation of him during the pendency of Mr. Ayerst's

case. As a result, there is no reason to believe Judge Gallina was laboring under a conflict

between his duties as a jurist and a desire to avoid criminal prosecution. Mr. Ayerst

11

argues Judge Gallina must have been conflicted because he knew he was engaged in unlawful criminal activity and therefore would have wanted to issue rulings deflecting attention away from himself. This argument assumes both that Judge Gallina is guilty of the pending criminal charges and that he was concerned about getting caught. The current record does not support these assumptions.[2]

Mr. Ayerst has failed to meet his burden to establish facts warranting relief from conviction based on the allegations against Judge Gallina.

Mr. Ayerst has not established unlawful restraint. His petition for relief is dismissed.

The panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports, and that the remainder having no precedential value shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

---

[2] At oral argument, counsel for Mr. Ayerst claimed a nunc pro tunc order issued by Judge Gallina indicated the court was colluding with Mr. Van Idour in his criminal effort to practice law without a Washington license. This factual claim is nothing more than speculation. Moreover, it has not been properly raised. The claims against Judge Gallina contained in Mr. Ayerst's petition and briefing are limited to the Asotin County criminal charges.

12

No. 36965-0-III
*In re Pers. Restraint of Ayerst*

*Remaining claims*

Mr. Ayerst makes four additional claims of error: (1) insufficiency of evidence, (2) improper contact between the prosecutor and jurors, (3) failure to admit a recorded video, and (4) violation of the speedy trial rule. The first claim fails because it was addressed on direct review and Mr. Ayerst does not show why the interests of justice require reassessment. *See In re Pers. Restraint of Brown*, 143 Wn.2d 431, 445, 21 P.3d 687 (2001). The second and third claims fail for lack of factual support. *See Cook*, 114 Wn.2d at 813-14. The last claim fails because it involves a nonconstitutional error and Mr. Ayerst does not demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. at 812.

## CONCLUSION

Mr. Ayerst has not established unlawful restraint. His petition for relief is dismissed.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____          _____
Siddoway, J.                                      Lawrence-Berrey, J.

13