**FILED**
**MAY 4, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 37284-7-III |
| | ) | |
| JUSTIN C. LEWIS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — Justin Lewis was convicted of several felony offenses in Asotin County Superior Court. Unbeknownst to Mr. Lewis at the time of trial, his appointed attorney was not licensed to practice law in Washington. The attorney was only licensed in Idaho and had not obtained admission to practice from the Washington State Bar Association (WSBA). Upon discovering his attorney's licensing problems, Mr. Lewis filed a personal restraint petition (PRP), claiming his convictions are invalid because he was deprived of the constitutional right to counsel.

We deny Mr. Lewis's claim for relief. Mr. Lewis does not allege he was prejudiced by his attorney's representation. Nor do the facts set forth in Mr. Lewis's petition establish he should be excused from showing prejudice based on a theory of structural error. Mr. Lewis's PRP is therefore dismissed.

FACTS

In 2017, Justin Lewis faced several felony charges in Asotin County, Washington. He received appointed counsel by the name of Robert Van Idour. Mr. Van Idour has been licensed to practice law in Idaho for approximately 30 years. He provided public defense for Asotin County under contract and was working under the supervision of a Washington attorney named Neil Cox. Mr. Van Idour represented Mr. Lewis at trial. A jury issued guilty verdicts against Mr. Lewis after Mr. Van Idour represented him at trial. Mr. Lewis's judgment and sentence was entered on November 9, 2017.

Over a year later, in April 2019, two events occurred that are relevant to the current case.

- On April 10, the State filed criminal charges against Mr. Lewis's trial judge, Scott Gallina. Judge Gallina was alleged to have committed second degree rape, indecent liberties (by forcible compulsion), and assault in the third degree with sexual motivation.

- On April 11, this court issued an unpublished opinion affirming Mr. Lewis's judgment and sentence.[1]

---

[1] While this court affirmed Mr. Lewis's conviction, we struck two legal financial obligations.

- • On April 19, the WSBA filed a formal complaint regarding Mr. Van Idour with the disciplinary board of the Washington Supreme Court, alleging he did not have authorization to practice law in Washington as an out-of-state attorney.

The complaints against Judge Gallina and Mr. Van Idour have yet to be adjudicated. At the time this case was submitted for argument, Mr. Van Idour remained licensed to practice law in Idaho.

On December 2, 2019, Mr. Lewis filed a PRP with the Washington Supreme Court. The petition recounted the WSBA's allegations against Mr. Van Idour and alleged Mr. Lewis was being unlawfully restrained based on a violation of his constitutional right to counsel. The petition was subsequently transferred to this court for disposition.

ANALYSIS

Mr. Lewis contends that because Mr. Van Idour was not authorized to practice law in Washington at the time of trial, the judgment is void and Mr. Lewis is automatically entitled to relief from conviction based on a theory of structural error. The State disagrees that structural error applies. According to the State, Mr. Lewis must show he was prejudiced by Mr. Van Idour's alleged wrongdoing and, because he has not done so, he is not entitled to relief.

A litigant challenging a criminal conviction through a PRP typically must show prejudice; i.e, that the error impacted the outcome of the case. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). An exception can apply in the context of structural error. A structural error is one impacting the framework of the trial process. *Weaver v. Massachusetts*, __ U.S. __, 137 S. Ct. 1899, 1907, 198 L. Ed. 2d 420 (2017). Structural errors are generally considered per se prejudicial and will require reversal of a conviction regardless of specific prejudice.[2]

Denial of the right to counsel is an error that can be considered structural. When counsel is denied completely—such as when a defendant is forced into self-representation—the trial process is undermined and fundamental fairness requires reversal of the conviction regardless of prejudice or the strength of the State's case. *See id.*; *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). But lesser right to counsel violations do not require such a strong remedy. The trial process is not jeopardized when a defendant merely receives deficient legal representation. To overturn a conviction when the right to counsel is impinged, but not

---

[2] In some contexts, structural error will apply differently on direct and collateral review. *See In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 120, 123, 340 P.3d 810 (2014) (C. Johnson, J., lead opinion with Madsen, C.J., concurring) (public trial violation). But our cases have not made this distinction in the right to counsel context. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

denied altogether, the defendant must show counsel's deficiencies prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 280 P.3d 1102 (2012).

Mr. Lewis's case falls between the two well-established scenarios of how to treat deprivation of counsel claims. Mr. Lewis was not forced to represent himself at trial; he had the benefit of an attorney with considerable legal experience. But at the same time, because Mr. Lewis's attorney was not licensed in Washington, he did not have "counsel" as that term is defined for constitutional purposes. *See City of Seattle v. Ratliff*, 100 Wn.2d 212, 217, 667 P.2d 630 (1983).

The seminal case addressing how to treat a claim for relief based on representation by an unlicensed person is Judge Henry Friendly's opinion in *Solina v. United States*, 709 F.2d 160, 167 (2d Cir. 1983). Mr. Solina was convicted of federal bank robbery charges. After trial, he discovered the individual who had been representing him was not a licensed attorney. The individual was posing as an attorney after he graduated law school, but failed the bar exam. Mr. Solina filed a petition for collateral relief from conviction, alleging he had been denied the right to counsel.

The United States Court of Appeals for the Second Circuit granted Mr. Solina's request for relief even though he had not shown the lack of a licensed attorney prejudiced

the result in his case. The federal court reasoned the concept of prejudice was inapplicable because Mr. Solina's case involved an inherent conflict of interest. An individual fraudulently posing as a lawyer is involved in criminal activity. As such, the individual operates under "fear of what might happen if a vigorous defense should lead the prosecutor or the trial judge" to make an inquiry into credentials. *Id*. at 164. A conviction cannot be upheld in such circumstances; a defendant in a criminal trial "is entitled to be represented by someone free from such constraints." *Id*.

In the decades since *Solina*, courts have generally agreed structural error applies to representation by an unlicensed attorney only if the attorney has never been licensed in any jurisdiction. *Bear v. United States*, 777 F.3d 1008, 1011 (8th Cir. 2015); *United States v. Bergman*, 599 F.3d 1142, 1147-48 (10th Cir. 2010); *United States v. Mitchell*, 216 F.3d 1126, 1132 (D.C. Cir. 2000); *United States v. Maria-Martinez*, 143 F.3d 914, 916 (5th Cir. 1998); *Vance v. Lehman*, 64 F.3d 119, 121-22 (3d Cir. 1995); *Bond v. United States*, 1 F.3d 631, 636-37 (7th Cir. 1993); *State v. Edison*, 61 Wn. App. 530, 537, 811 P.2d 958 (1991); *United States v. Mouzin*, 785 F.2d 682, 696 (9th Cir. 1986).

The limited allowance for structural error is based on two considerations. "First, courts are concerned that a defendant have a counselor who has legal training and has demonstrated the specialized knowledge and ability of a lawyer." *Maria-Martinez*, 143

6

F.3d at 916. This concern was emphasized in the Washington Supreme Court's decision in *Ratliff*, where the defendant was represented by a law student who operated outside the parameters of the admission to practice rules applicable to law students. 100 Wn.2d at 217. Second, there is concern "an undisclosed lack of credentials may create a conflict of interest." *Maria-Martinez*, 143 F.3d at 916. This consideration is based on Judge Friendly's analysis in *Solina*.

Mr. Lewis argues that even though Mr. Van Idour has an out-of-state license, his circumstances are akin to the conflict of interest scenario discussed in *Solina*. According to Mr. Lewis, Mr. Van Idour's unlicensed representation amounted to criminal behavior, thus prohibiting him from providing unrestrained, vigorous representation. Just as Mr. Solina was entitled to relief from conviction without showing prejudice, Mr. Lewis claims he too should have his convictions overturned.

We disagree Mr. Lewis's circumstances are like those in *Solina*. Unlike the charlatan in *Solina*, Mr. Van Idour was and is an attorney, subject to state licensing regulations. Under at least some circumstances, Mr. Van Idour could have been qualified to provide indigent defense representation in Washington. *See* APR 8. The WSBA allegations against Mr. Van Idour have not been proved. And even under the facts alleged, it is not clear Mr. Van Idour was purposefully evading Washington's licensing

No. 37284-7-III
*In re Pers. Restraint of Lewis*

requirements at the time he represented Mr. Lewis. Mr. Van Idour could have been

confused. Had that been the case, he would not have been operating under the kind of

conflict of interest identified in *Solina*.

## CONCLUSION

Mr. Lewis has failed to establish unlawful restraint. His petition for relief is

dismissed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

8